Dear Executive Director Kirkpatrick:
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a "wholesaler" or "distributor" of veterinary prescriptiondrugs, dispense a veterinary prescription drug directly to aveterinarian's client if the veterinary prescription drug hasnever been "certified" by a pharmacist or other licensedpractitioner?
¶ 1 This question arose because of recent legislation which allows a "wholesaler" or "distributor" of veterinary prescription drugs to dispense such drugs directly to a veterinarian's client.[1] Stated more generally, the question is whether any employee of a "wholesaler" or "distributor" may fill and dispense a veterinary prescription drug — even if that employee is not a registered pharmacist. The answer is no.
¶ 2 Senate Bill 466 amended 59 O.S. Supp. 2000, § 353.13[59-353.13] as follows:
 A. It shall be unlawful for any person, other than a registered pharmacist or assistant pharmacist, to certify the finished prescription, as defined by the Board, before delivery to the patient or the patient's agent or care giver.
 B. It shall be unlawful for any person to institute or manage a pharmacy unless such
 C. No registered pharmacist shall manage, supervise nor be in charge of more than one pharmacy.
 D. No pharmacist being requested to sell, furnish or compound any drug, medicine, chemical or other pharmaceutical preparation, by prescription or otherwise, shall substitute or cause to be substituted therefor, without authority of the prescriber or purchaser, any like drug, medicine, chemical or pharmaceutical preparation.
 E. No proprietor of a pharmacy, or other person, shall permit the practice of pharmacy except by a registered pharmacist or assistant pharmacist.
 F. No proprietor of a pharmacy, or other person, shall subvert the authority of the pharmacist in charge of the pharmacy by impeding the management of the prescription department in compliance with federal and state pharmacy laws and regulations.
 G. Nothing in the Oklahoma Pharmacy Act shall prevent veterinary prescription drugs from being shipped directly from a wholesaler or distributor to a client; provided, such drugs may be dispensed only on prescription of a licensed veterinarian and only when an existing veterinary-client-patient relationship exists.
2001 Okla. Sess. Laws ch. 400, § 7 [400, O.S.L. 2001]
¶ 3 Senate Bill 466 also amended 59 O.S. Supp. 2000, § 353.24[59-353.24](4), in pertinent part, as follows:
It shall be unlawful for any person, firm or corporation to:
. . . .
 1. Enter into any arrangement whereby prescription orders are received, or prescriptions delivered at a place other than the pharmacy in which they are compounded and dispensed. However, nothing in this paragraph shall prevent a pharmacist or his employee from personally receiving a prescription or delivering a legally filled prescription at a residence, office or place of employment of the patient for whom the prescription was written. Nothing in this paragraph shall prevent veterinary prescription drugs from being shipped directly from a wholesaler or distributor to a client; provided, such drugs may be dispensed only on prescription of a licensed veterinarian and only when an existing veterinary-client-patient relationship exists[.]
2001 Okla. Sess. Laws ch. 400, § 8. [400, O.S.L. 2001]
¶ 4 These amendments modify Oklahoma law by authorizing a "wholesaler" or "distributor" of veterinary prescription drugs to ship the veterinary prescription drugs directly to a client. These amendments do not change or modify the requirement that veterinary prescription drugs must be prescribed by a veterinarian, pursuant to a valid veterinarian-client-patient relationship. See OAC 775:10-5-30(f)(3). Likewise, the amendments do not modify the requirement that before a veterinary prescription drug is dispensed, it must be certified by a pharmacist. See 59 O.S. 2001, § 353.13[59-353.13](A). The certification process does not interfere with or prevent the veterinary prescription drugs from being shipped directly to the client.
¶ 5 The Oklahoma Pharmacy Act requires a registered pharmacist or assistant pharmacist to "certify the finished prescription" before "delivery to the patient or the patient's agent or care giver." 59 O.S. 2001, § 353.13[59-353.13](A). The Pharmacy Board's administrative rules define the term "certify a prescription" as follows:
 [T]he confirmation by the supervising pharmacist of the accuracy and completeness of the acts, tasks or functions undertaken by pharmacy technicians or supportive personnel to assist the pharmacist in the practice of pharmacy. This process shall be completed before the prescription is given to the patient.
OAC 535:15-13-3.
¶ 6 The recent legislation, Senate Bill 466, modified the existing law to allow wholesalers to ship veterinary prescription drugs directly to a veterinarian's client. The modifications, however, did not modify the method by which such prescriptions are to be filled, labeled, and certified. The Oklahoma Veterinary Administrative Rules at OAC 775:25-1-3(a), (e) (2001), provide the labeling requirements for veterinary prescription drugs.
¶ 7 It should be noted that in addition to a pharmacist, a veterinarian may fill and dispense a prescription for a veterinary prescription drug to that veterinarian's patient where a valid veterinarian-client-patient relationship exists. See 59 O.S. 2001, § 355.1[59-355.1](A); OAC 775:10-5-30(f)(3).
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. As of November 1, 2001, a drug "wholesaler" or "distributor," as those terms are defined by Senate Bill 466 (2001 Okla. Sess. Laws ch. 400, § 6(15)
[400, O.S.L. 2001] , amending 59 O.S. Supp. 2000, § 353.1(15)), may ship a veterinary prescription drug directly to a veterinarian's client, provided such drugs are dispensed only on prescription of the licensed veterinarian.
 2. The Oklahoma Pharmacy Act requires a registered pharmacist or assistant pharmacist to "certify the finished prescription" before "delivery to the patient or the patient's agent or care giver." 59 O.S. 2001, § 353.13(A). Accordingly, a pharmacist must "certify" a prescription for a veterinary prescription drug before a "wholesaler" or "distributor" of the veterinary prescription drug ships the drug to the patient or the patient's care giver.
W.A. DREW EDMONDSON Attorney General of Oklahoma
GRETCHEN ZUMWALT-SMITH Assistant Attorney General
[1] Senate Bill 466 amended the definition of the terms "wholesaler" or "distributor." See 2001 Okla. Sess. Laws ch. 400, § 6(15) [400, O.S.L. 2001].